Next case Fuente-Alvarado v. Garland is submitted on the briefs and we'll go to United States v. Wright Good morning and may it please the court. Jessica Agatstein, Federal Defenders, on behalf of Joel Wright So this is a compassionate release case controlled entirely by two of this court's cases So first, Arruda says that, as here, when a district court denies a motion based on guidelines dangerousness, it commits a legal error and remand is the remedy Second, Trujillo says that, as here, when a court does not address a sentencing argument, even in shorthand, remand is the remedy Because the district court erred in this case under both Arruda and Trujillo, this court should reverse So I'll start with the fact that Arruda had the same exact facts, it faced the same arguments, and it remanded This court should remand as well And in Arruda, as here, the government's main argument, as I understand it, for the reason not to remand is because the district judge essentially did the same analysis under 3553A So the reliance on the non-guidelines doesn't matter That's my understanding of their argument as well Were the circumstances in Arruda the same? Yes. So the district court denied for two reasons, for 3553A and that Ms. Arruda didn't prove her lack of dangerousness That's at 472, except third, 856 And then the government argued in that case for affirmance because of the 3553A analysis, regardless of the guidelines And then this court actually acknowledged the denial, in its opinion, on both dangerousness and 3553A, in its opinion That's at 993, ex third, 799, and still reversed and remanded So we're sort of faced with the same exact facts and arguments here But didn't we have a recent case, very recent, United States v. Smith that says that if the district court considered Arruda separately from the 3553A factors, that was not error? So the government relies on Keller, which I'm not sure of the case Smith you're referring to It's case number 21-50017, it's a 9th Circuit 2021 case, 2021 WL4922412 Is it a published opinion? You don't know if it's published I will make sure to save time on rebuttal and address that case, Your Honor I apologize that I don't have it with me now If I could just explain it, just to follow up on that point As I understand it, this court specifically held, very specifically rejected the argument you've raised here, Ms. Agustin Because this court held in October of this year that if there is an Arruda error, such as that does not warrant remand When the record belies any contention that the district court's conclusion regarding the 3553A analysis was informed by 1B1.13 of the advisory guidelines And that reference was also made to an earlier opinion of this court in August of this year United States v. Taddeos, the same point that to the extent that there's reference to 1B1.13 As long as there's reference to other factors under 3553A, that the mere reference of 1B1.13 does not mandate under Arruda remand That's essentially what the court has held on two different occasions since Arruda There are two responses, Your Honor So to the extent that that is the case on other kinds of 1B1.3 As you'll recall, 1B1.3 addresses several different points of compassionate release motions To the extent that deals with extraordinary and compelling reasons for release  But that does not control here because we're at the very same facts as Arruda 1B1.3's direction as to dangerousness specifically And those are the same facts we're dealing with here I don't think we can get around the results in Arruda But did not the district court conduct a separate analysis under 3553A Separately and distinctly from the dangerous analysis under 1B1.13? It was two separate analysis provided by the district court, was it not? In both Arruda and here, that's correct, Your Honor Yes, but the court still reversed in Arruda And under principles of stare decisis Even if other kinds of 1B1.3 analyses can still be wrong but affirmed on other grounds Under Arruda, simply this court has to follow the same outcome as this case I think that's right for several reasons that I'm happy to address I don't believe that there's a published case that requires That allows this court to affirm on the 3553A analysis Because Arruda is so factually identical So for example, the government relies very heavily on Keller Where there was no legal error So there was no reason to reverse In fact, the only legal error was that the court allowed the case to go Despite an issue with claims processing And so there was no need to consider a remand there Are you going to address your other point? Yes, I'm happy to So the next point is about whether the court properly mentioned or explained Its denial of about a 10-year home confinement request Even in shorthand So here, there's simply no mention of home confinement Which is, 10 years of home confinement is just very unusual It's unheard of in the trial court And the reason that defense counsel offered this alternative You know, extreme proposal Was to balance the seriousness of the offense With the real seriousness and change in Joel's physical situation And so that very unusual proposal required an explanation Or at least, you know, a notice in shorthand As I understand the government's response to your argument It is that the proposal was a proposal for a condition of supervised release And by determining that the sentence should not be The prison sentence should not be commuted The judge was necessarily encompassing any possible terms of supervised release Yes, it's just that time served with release Is so vastly different than time served with 10 years of home confinement But the 10 years of home confinement is Was meant to be a condition of supervised release Not directly a kind of confinement I understand that the distinction is subtle But it still required that he first be released That is correct But, you know, the parties discussed the two As two totally different alternatives in their briefing Rather than addressing them as time served You know, with or without this condition And the facts of home confinement Are so different in practice And really address many of the district court's concerns about dangerousness Ms. Agustin, in a judgment and commitment order Home confinement is not a condition, a sentence Under 5C1.1E3 of the advisory guidelines One day of home detention is deemed to be Equal to one day of incarceration But it is not, in any judgment and commitment order Of which I'm aware, part of the sentence It always, as Judge Burson has suggested It is always a condition of supervised release It is never a matter of a sentence So to the extent that there's a decision made on the sentence How does one address the matter of home confinement? Because it is not a criminal sentence It's a condition of supervised release Right, and it is presented in the guidelines Unlike any other condition of supervised release As an alternative to incarceration Well, under 5C1.1E3 It is specifically stated that one day of home detention May be deemed equal to one day of incarceration So it's not a sentence It's a condition of supervised release Absolutely, but it is in a really extreme Ten years of home confinement Is a fairly extreme request And it's unheard of I see that I am short on my time I'll try to save the rest for rebuttal Okay, thank you very much Sir Good morning, Your Honors Joseph Green, on behalf of the Court And that of the United States May it please the Court Your Honors, I guess I'd like to pick up with Aruda And my colleague's arguments this morning That there's one very significant Factual distinction between this case And the case of Aruda And that is that Judge Subraw explicitly And expressly recognized The possibility That the policy statement May not be binding This was an argument That Mr. Wright's counsel made in there What difference does that make? He still decided under it I don't know what difference that makes The Court decided it And applied it But in a footnote number one On page Supplemental excerpt to the record Page six It's page four of the order The Court dropped a footnote here And Judge Subraw effectively Signaled That he understood That there may have been Some debate on this That he thought that the policy statement applied But that in any event If Mr. Wright was correct And it wasn't binding The 3553A factors Encompassed Dangerousness By requiring the Court To consider the need to protect the public Can I just clarify I understand your argument But Smith is not a published opinion Is that right? Right Nor is the other case that was cited So the only relevant precedent here Is Aruda, is that right? I understand the distinction you're making And we'll think about it But the other opinions The other dispositions Are all unpublished I'm not familiar with those opinions But if they're unpublished Which I understand that they are Then that's correct But Keller is published And given that there's a factual distinction here Between our Wright's case And Aruda And you look at Keller There can only be one result here If the Court After it determined That the 3553A factors Did not allow the Court To release Mr. Wright There is only one possible result Here from Keller And that is that Mr. Wright's motion Had to be denied The importance I think of the footnote Is that the Court Was conducting A separate 3553A analysis And in the Aruda opinion The Court Was making a decision Of whether it was an independent 3553A analysis Or whether the Court Considered the 3553A factors In connection with the policy statements But in Judge Sabra's opinion It was clear that he viewed The 3553A factors As a completely independent basis To deny Mr. Wright's motion And when you understand That that was the Court's position And you then take Keller And Keller teaches that If the 3553A factors Do not allow for a release Then that's the end of the inquiry In short, what you're saying I think Mr. Green Is that the District Court Did not incorporate Its dangerous analysis Into its 18 USC 3553A Factor analysis, correct? Correct, it explicitly said That even if Mr. Wright Was correct, which he turned out to be That the Court would still Include the 3553A So that's a pretty Significant distinction And, you know, here To remand it, there couldn't Really be any question That Mr. Wright would not End up in the same position Because the Court did An independent 3553A analysis And it weighed strongly Or I think Judge Sabra said Squarely against Mr. Wright's What about the Defendant's other argument That is that It is true, is it not That the District Court Said nothing at all About the possibility Of home arrest, home detention That's true And clearly from our discussion The Court understands That we believe that this is Different because it was A supervised release condition And Judge Sabra was clearly Familiar with his ability To deal with the initial Sentencing But even if you find that Well, this is something That should be considered You know, this Court's case Law is clear that the Court Doesn't have to tick through Every single argument Yeah, but this was the major Argument, it was not I mean, as I understand it The crux of the defendant's Position was, you know, I have terrible medical Conditions, at least his Lawyer understood that he Did a terrible crime But you can deal with both These situations by insisting On home detention Now, I mean, there may well Be responses to that And I assume the government Had them, I mean, on the Other hand, the main argument Was that given his medical Condition he really couldn't Recidivate and if he were At home, people would be Refusing that at all Your Honor, I would I understand the technical Point, which is that what The judge said by refusing To release him encompassed The notion that there Shouldn't be any supervised Release conditions or no Conditions, but he still Never responded to the Central argument Your Honor, I guess I would I see it just slightly Differently, I mean, I Don't see really the Underlying argument that Mr. Wright was making, so For example, Judge Sabraw expressly found that Mr. Wright's medical Conditions were not so Diminished that he could Not recidivate, he found That various 3553A factors That don't just go to whether He would be a danger if he Was placed at home, but There were other factors That still warranted against Judge Sabraw and having There be just punishment for This really bad offense Plainly stated, and if You look at the court's Order, again, even grappling With Mr. Wright's footnotes And his reply brief, as I've Mentioned, there can't Really be any question that Judge Sabraw understood the Request, he considered it, he Grappled with it, he issued A lengthy opinion, and while He did not tick off home Detention in the order, the Record is very clear that He considered it, and he Gave an extensive... Tell me why the record is Clear that he considered it? I beg your pardon, Your Honor? Why is the record clear that He considered it? The seven-page opinion, the Depth of the analysis... The seven-page opinion says Nothing about the home Detention, so why is it Clear that he considered it? Well, the record reflects that He's very specifically said, Very specifically said there's A strong need to protect the Public, end of quote, and that The, quote, offense was Incredibly serious, end of Quote, and indeed the Appellant's brief, Ms. Agustin's brief specifically Acknowledges, quote, that the Court extensively considered, End of quote, whether to grant His request for a release. Isn't that in the record? And I ask Ms. Agustin, how Does the strong need to protect The public not jive with Talking about home confinement? If there's a strong need to Protect the public, one is not Released to home detention, quite Simply, in my experience. I would... I'm prepared to submit. I just would, again, focus, in Addition to what Judge Bennett Has pointed to, that Judge Tabrod believes that Mr. Wright Still poses a danger, and even Under his conditions, Judge Tabrod believes that his Condition is not so diminished That he could not recidivate. He didn't mention home Detention, but that effectively Answers that question. Was there a hearing on a Compassionate release? There wasn't, right? No, I believe this was decided On the papers. I mean, if there had been, it Would be much more obvious, Because there would have been A hearing. He presumably would have said Something about it, or at least We know that he heard it, and It was encompassed in his Decision, but there was no Hearing, so it is a bit of a Stretch to think that we can Tell from what actually happened Here that he considered it. So I guess what I'm asking you Is this. Is the technical fact that this Is a condition of supervised Release and not a basis for Explanation alone enough? Or should there have been some Explanation ordinarily? I would say that the fact that It is a condition of supervised Release put together with the Fact that the court is not Always required to tick off Every single argument. But this is the central Argument. I mean, that's not, it seems To me, it was a central Submission. It wasn't mentioned. Unless, and there was no Response to it, unless there Was no need to do it because He denied the release and that Was enough, he had no Obligation to discuss the Conditions of supervised release, Which is a coherent argument, Then I think he didn't do it. If he had any obligation to do It, he didn't do it. In this circumstance, your Honor, we do not believe that There was a need to address it Once he answered the question That time served was not Appropriate. Okay. Thank you very much. Thank you for considering my Argument. Two quick points. So first, my colleague said That the district court Considered 3553A and the Dangerousness analysis as Independent. But the court on page ER7 Said many of the 3553A factors Overlap with the 3142G factors. So there was a relationship There. What about Keller? Yes. So in Keller, there was no Legal error and thus no need To decide what to do about Remand. The 3553A analysis was Sufficient. There was no other error. There was no need to figure Out what to do when there was A legal error, particularly one That really seeps in the 3553A, like the Dangerousness analysis. But I do also want to point Out Arruda, if anything, had A more independent analysis Of 3553A versus Dangerousness in the district Court, and this court still Remanded. Although there was less Clearly, the district court There less clearly equated The protecting the public Part of 3553A and the Dangerousness part of the What I'm calling the Non-guideline. And so it was less Clear about the fact that it Was specifically finding the Dangerousness piece within the 3553A. Do you think that's right? I think that's right. I think they were very Independent in that case. And then on the point about Supervised release, I think One reason to remand is Because the district court's Opinion is, if anything, a Little bit at odds with It's actually considering home Confinement. And I think that for three Reasons. One is, in the district Court's analysis about whether Joel could recidivate, it Noted the government's Opinion that maybe he could Engage in international travel. Maybe he could use the Internet. Of course, Joel not only will Have very strict internet Monitoring on home confinement, But he can't see his computer. He's blind. And the recidivate through Cross-country and international Travel, not only would he have An ankle monitor, but he Can't go to the bathroom by Himself. He can't really move long Distances. And for some reason he was  Circumstances. And why would it be any Different with regard to the Home release? An ankle monitor and internet Use, both of which would be Addressed through his very Stringent conditions of home Confinement and supervised Release. I think the third point was Discussing the lengthy time Remaining on his sentence. Obviously home confinement is Different from being Incarcerated in the BOP, but it Is still considered a form, an Alternative to incarceration That would address some of Those factors. I mean, the district judge, if We were to remand, certainly Could find it wasn't good Enough. There would be various reasons. I mean, we don't know anything About his family and whether They actually would keep watch Over him. And I don't know what the Problem is. Because once he's released, She's released is the other Problem. So I don't know. There are lots of good reasons Why the district judge might Decide this wasn't good enough, But your point is he didn't do It. Yeah, we don't know exactly What those would be. Thank you very much. The case of united states Versus right is submitted. Thank you.
judges: BERZON, BEA, Bennett